UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES** | : |
| | : |
| *v.* | : |
| | :  Crim. No. 21-0465 (DLF) |
| **RICKY LYLES,** | : |
| | : |
| *Defendant.* | : |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant Ricky Lyles ("Lyles"), by and through undersigned counsel respectfully submits his memorandum in aid of sentencing, currently scheduled for October 21, 2022. For the reasons set forth below, Mr. Lyles respectfully requests that this Honorable Court sentence him to a total term of imprisonment of 114 months.

### BACKGROUND

For the purposes of this filing, Mr. Lyles adopts the procedural and factual background as well as the sentencing guidelines as noted in the PSR. He has submitted objections to Pre-Sentence Report.

### DISCUSSION

The Court is aware of the history of this case. After weighing the risks and benefits of a trial, the parties agreed that Mr. Lyles would plead guilty to Count 1 and Count 8 of the superseding indictment pursuant to Fed. R. Crim. P. 11(c)(1)(C) in exchange for a term of imprisonment of 114 months.

    I.    **Benefits of Accepting the Plea**

Were this matter to be tried, both sides would be taking a great risk. For the government it could mean a possible acquittal and Mr. Lyles walking away a free man. For Mr.

Lyles, it could mean a conviction and a higher sentence than that contemplated by the plea agreement. Prior to accepting the plea agreement, Mr. Lyles and counsel spent a great deal of time reviewing the evidence. Taking everything into consideration, Mr. Lyles reached the conclusion that his interests were better served by accepting responsibility. Thus, he urges the Court to accept his plea, which results in: a) a conviction for the government; b) acceptance of responsibility by Mr. Lyles; and c) the saving of valuable resources that would be expended to try this matter.

## II.  Section 3553(a) Factors

Title 18 U.S.C. § 3553(a) mandates that a court "impose a sentence sufficient, but not greater than necessary, to comply with" the sentencing goals described in this subparagraph 2. In imposing a sentence that is "sufficient, but not greater than necessary," the court should look to the seven statutory factors listed under Section 3553. These factors include:

### 1.  Nature and circumstances of the offense and history and characteristics of the defendant

Mr. Lyles submits on the factual proffer that is part of the plea agreement and wholeheartedly accepts responsibility for his actions that resulted in violations of law. He acknowledges that the offense of conviction is serious and causes great harm to society.

Mr. Lyles is a 41-year-old male, born in Washington, DC to the non-marital union of Ricky S. Lyles and Romay Tatum, both deceased. Mr. Lyles was raised by both parents, who were married for 46 years. Mr. Lyles did not experience neglect or abuse by his parents. Rather, they had a loving relationship and provided structure and discipline for Mr. Lyles. While his parents struggled financially, they provided the basic material necessities for the family.

Although he has never married, Mr. Lyles has one child each with Christina

Stroud and Shanee Thomas. Their children, Kayla Stroud and Ryan Thomas, have a close and loving relationship with Mr. Lyles. His daughter, Kayla, is expecting her first child (Mr. Lyles' first grandchild) in December 2022.

Mr. Lyles grew up in a loving family. Nevertheless, he began abusing alcohol and marijuana at the age of 16; progressed to PCP at 21 and eventually also abused cocaine and Percocet. At the time of his arrest, he was using cocaine, PCP and Percocet two to three times a week, and abusing marijuana and alcohol daily. He acknowledges that he sold drugs to support himself financially and to maintain his drug habit, which cost approximately $250.00 per day.

Mr. Lyles is now 41 years old and realizes that he cannot maintain the lifestyle that has gotten him to where he is. He recognizes that his family is more important to him that the quick money of drug dealing and sincerely hopes that the recommended sentence of 114 months will allow him to make amends with his family so that when he is free man again, he can live the life he has always wanted to live.

The letters written in support of Mr. Lyles attest to his being a loving, supportive and family-oriented man who would give the shirt off his back to others. *See* Exh. 1.

    **2.**    **Need for the sentence imposed**

In addition to considering the above factors, the Court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." 18 U.S.C. § 3553(a), Section 3553(a)(2) states that such purposes are: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most

effective manner.

### A. Seriousness of the offense, respect for the law, just punishment

The offense of conviction is undoubtably serious; however, Mr. Lyles has demonstrated his respect for the law and the legal process by disclosing his wrongdoing, agreeing to plead guilty, accepting responsibility and foregoing a costly trial. The requested sentence of 114 months is sufficient but not greater than necessary to carry out the requirements of the law and will be the longest sentence imposed on Mr. Lyles.

### B & C. Deterrence to criminal conduct and protection from further crimes

Mr. Lyles realizes that his actions have consequences beyond him. He will lose his family once again and has caused great harm and pain to them. He now knows that he cannot continue to act as if he is alone because his actions affect others. He will be approximately 50 years old when is he is released and will be on supervised release for several years. At a time when he should be freely enjoying his family and his life, he will be in prison or under supervision. He knows that he does not want to spend the rest of his life in prison and will do anything to live a law-abiding life in the future.

### D. Provide treatment and training

Given Mr. Lyles' substance abuse history, he would benefit from treatment and counseling during his incarceration. He would also benefit from the Prison Industries Program so he can learn a trade.

### 3 & 4. Kinds of sentences available and the sentencing ranges established

The offense of conviction carries a maximum of 40 years imprisonment. Mr. Lyles faces a guideline sentencing range of 100 – 125 months and the agreed upon sentence is

114 months.

### 5. Pertinent policy statement

There are no applicable or pertinent policy considerations.

### 6. Need to avoid sentencing disparities

There are codefendants in this case who had differing roles in the charged conspiracy. Upon information and belief, Mr. Lyles' sentence will be among the highest imposed, in part due to his selling the largest amount of drugs and his prior criminal history.

### 7. Need to provide restitution

Here, restitution is not an issue and there is no specific victim who incurred financial loss or suffered physical harm relating to Mr. Lyles's offense conduct.

### III. Other Considerations

#### *Consideration of Credit for time served*

Mr. Lyles respectfully urges the Court to grant him full credit for the time he has been incarcerated. Mr. Lyles has been incarcerated since July 20, 2021, when he was arrested. Thus, he has already been incarcerated over 15 months. Title 18 U.S.C. § 3585(b) states that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences – (1) *as a result of the offense for which the sentence was imposed*; …"

#### *BOP Designation*

Mr. Lyles respectfully requests that the Court recommend to the Bureau of Prisons that he be designated to FCI Petersburg in Virginia.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons and any others that may become apparent to the Court, Mr. Lyles respectfully requests that the Court accept the plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) and sentence Mr. Lyles to a period of incarceration of 114 months.

Dated: Washington, DC
       October 18, 2022

**BALAREZO LAW**

By: /s/ A. Eduardo Balarezo
_____
A. Eduardo Balarezo, Esq.
DC Bar # 462659
400 Seventh Street, NW
Suite 306
Washington, DC  20004
Tel. (202) 639-0999
Fax. (202) 639-0899
E-mail:  aeb@balarezolaw.com

*Counsel for Ricky Lyles*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of October 2022 I caused a true and correct copy of the foregoing Defendant's Memorandum in Aid of Sentencing to be delivered to the Parties in this case via Electronic Case Filing.

/s/ A. Eduardo Balarezo
_____
A. Eduardo Balarezo, Esq.